# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| TERESA CREASMAN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:18-CV-108-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth, and finally, the Commissioner determines whether the plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Teresa Creasman applied for disability insurance benefits on November 14, 2014, initially alleging that she became disabled to work on April 6, 2012. She subsequently amended her application to allege disability beginning on February 15, 2013. Her application was denied initially on March 10, 2015, and again after reconsideration on September 8, 2015. She made a timely written request for an evidentiary hearing before an administrative law judge on October 15, 2015, and the hearing was held on August 2, 2017. Plaintiff appeared at the hearing with her attorney and gave testimony as did an impartial vocational expert ("VE"). Tr. 11. On December 11, 2017, the ALJ issued an unfavorable decision denying her application. Tr. 8-25. Plaintiff next sought review by the Appeals Council, but was denied on June 22, 2018. Tr. 1-5. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her claim for benefits.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was fifty-three years of age on her amended alleged onset date. She has a high school education and past relevant work as a nurse assistant and teacher aide. Findings 6-8, Tr. 18-19. In conducting the five-step sequential analysis of Plaintiff's claim as established by the Commissioner for the evaluation of disability, the ALJ found, at step two, that Plaintiff has severe impairments of major depressive disorder, generalized anxiety disorder, obesity, and degenerative joint disease of the hands. Finding 3, Tr. 14. She then determined, at step three, that Plaintiff's impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set out

4

in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 14-15. Between steps three and four, the ALJ formulated a residual functional capacity ("RFC") assessment which permits Plaintiff to engage in a restricted range of medium work with additional manipulative and non-exertional limitations. Finding 5, Tr. 15-18. At step four, the ALJ further found that this restricted RFC assessment does not permit Plaintiff to resume any of her past relevant work. Finding 6, Tr. 18-19. The ALJ, therefore, proceeded to step five of the analysis, and elicited testimony from the VE that Plaintiff retains sufficient residual functional capacity to work as a linen room attendant, day worker, or laundry worker. Finding 10, Tr. 19-20. Thus, she found Plaintiff to be not disabled to work. Finding 11, Tr. 20.

## DISCUSSION

In her brief before the Court, Plaintiff asserts two errors. First, she contends that the ALJ gave only little weight to the opinion of her treating psychiatrist without good cause for doing so. Pl.'s Br. 1, 8-11, ECF No. 13. She further contends that the Appeals Council erred in denying her request for review after she submitted additional evidence from a second treating physician which was new, material, chronologically relevant, and presented a reasonable probability of changing the administrative outcome of her case. Pl.'s Br. 1, 11-13; Pl.'s Reply Br. 1-2, ECF No. 18. The Commissioner responds that the ALJ had good cause to give only little weight to the treating psychiatrist's opinion and that the Appeals Council correctly determined that the new evidence submitted to it by Plaintiff is not material. Comm'r's Br. 4, 9. The Court addresses the issues in the order in which Plaintiff raised them.

## I. Treating Psychiatrist's Opinion

Plaintiff began treating with Hope Cromer, M.D., a psychiatrist, in September of 2005. Tr. 365. A review of Plaintiff's clinical presentations shows that she saw Dr. Cromer primarily for medication management but no hospitalizations or other acute interventions through January of 2014. Tr. 299-302. For a period of thirteen months, Plaintiff sought no help from Dr. Cromer for any of her asserted mental health problems, but returned in February 2015 and stated she was applying for disability insurance benefits. Tr. 362. She did not see Dr. Cromer again until June 9, 2015. Tr. 361. Dr. Cromer noted in October 2016 that she saw Plaintiff primarily for medication management and completed a mental impairment questionnaire endorsing symptoms and resulting limitations that would be disabling. Tr. 365-70. Dr. Cromer's records do not include, nor reference, any objective testing or mental status examinations or any recommendations for in-patient care. The ALJ discounted her opinions in the questionnaire for this reason. Also, the ALJ found Dr. Cromer's findings of disabling limitations to conflict with the findings of a consultative examining psychologist and State agency reviewing physicians, to whom she afforded partial weight and significant weight, respectively. Tr. 18. A review of the medical evidence of record shows that she is correct in her determination that there is a conflict in the evidence as to the extent of Plaintiff's symptomology resulting from her mental impairments and resulting limitations.

The ALJ has the responsibility to weigh evidence, draw inferences and make credibility findings based on the evidence before her, not the Court. While the Court may have found otherwise, the findings by the ALJ are well supported by substantial evidence,

6

and the Court is prohibited from substituting its judgment for that of the Commissioner. *Moore,* 405 F.3d at 1211; *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991). Plaintiff's first asserted error lacks merit.

## II. Additional Evidence

Next, Plaintiff contends that evidence which she first submitted to the Appeals Council is new, chronologically relevant, and material in that it establishes a reasonable probability of a different administrative outcome, thus rendering the decision by the Appeals Council to not consider it an error. Pl.'s Br. 11; Pl.'s Reply Br. 1-2. The evidence at issue is a mental impairment questionnaire completed on December 7, 2017, by Robert Cobiella, M.D., a treating physician associated with Avita Community Partners. Tr. 32. Dr. Cobiella endorsed disabling symptomology resulting from Plaintiff's mental impairments. Tr. 32-35. He described his treatment of Plaintiff as her being "served by Avita since May 20, 2016, has received weekly counseling and monthly medication management. Treatment has been variable, appears to be making slow but consistent progress." Tr. 32.

The ALJ had the records of Plaintiff's care with Avita through May 2017 and upon which Dr. Cobiella based his conclusions set out in the questionnaire before her when she rendered her decision. She only lacked records of what Dr. Cobiella described as weekly counseling and monthly medication management from June 2017 through the date the questionnaire was completed—December 7, 2017. The ALJ found that the records compiled by Avita through May 2017 show Plaintiff was "cooperative, fully oriented, and coherent with gross intact memory and no evidence of psychosis. Mental status findings

7

include full orientation, cooperative behavior, normal speech, coherent thought processes, good judgment." Tr. 17. This does not support a conclusion by the Court that Dr. Cobiella's opinions, as set out in the questionnaire, establish a reasonable probability of a different administrative outcome. The ALJ had two-thirds of the records upon which Dr. Cobiella based his opinions before her when she reviewing Plaintiff's claim for benefits. The questionnaire is new and chronologically relevant, but simply not material to the administrative result. Plaintiff's second claim of error has no merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 12th day of March, 2019.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE